## Kayla Hathcote

| | |
|---|---|
| **From:** | Matthew Quandt <quandt@walentineotoole.com> |
| **Sent:** | Wednesday, June 17, 2026 11:36 AM |
| **To:** | Caitlin Wain; Kayla Hathcote; carson@ned.uscourts.gov |
| **Cc:** | Maren Chaloupka; Riley Platt; Steve Lydick |
| **Subject:** | RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen) |

<mark>CAUTION - EXTERNAL:</mark>

Judge Carson:

This discovery dispute deals with two issues: (1) Plaintiffs' discovery responses that are still incomplete from the first time this was brought up in December, and (2) new discovery regarding communications between Plaintiffs' Atlanta counsel and their medical providers.

First, we sent discovery requests to Plaintiffs' counsel on October 24, 2025. We did not receive any response, so we started the requisite process before filing a *Motion to Compel*. After our email explanation to the Court on December 29, Plaintiffs' counsel said they'd get their responses to us on January 6. (Emails below) Plaintiffs' counsel served documents and *unverified* responses. "(3) *Answering Each Interrogatory*. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FRCP 33 (B)(3). We followed up multiple times. "I am following up on Plaintiffs' belated discovery responses, specifically things missing.  First and foremost, 'each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.' FRCP 33(b)(3).  Please provide Plaintiffs' oaths." (March 12th letter) "Maren – Following up on this; please let me know if/when we can expect supplemental responses or if we need to go through the MTC process again." (April 14th email) "By the end of May, we would like updated records/bills including that February imaging, supplemental discovery responses per our recent correspondence, and alternative dates in August for Plaintiffs' depositions if mediation fails." (May 5th email) Plaintiffs have not provided their verifications. Next, within Plaintiffs' initial discovery production, they produced a medical bill index for each Plaintiffs' damages. Since that time, those productions appear to have been altered/deleted. For example, Plaintiff Romi Rojas' allegations have changed:

| *Romi Rojas' initial production* | *Now, Rojas' subsequent production shows:* |
|---|---|
| [medical bill index table — illegible] | [medical bill index table — illegible] |

| Plaintiff Romi Rojas' Interrogatory Responses alleged the same amount:<br><br>Plaintiff incurred medical expense of $56,061.83 for the evaluation and treatment of injuries ROMI sustained in this crash. | |

Additionally, we sent a second set of discovery to Plaintiffs regarding communications with their medical providers. Plaintiffs did not object and responded:

> **INTERROGATORY NO. 1:**   Identify all communications, written and verbal, between Plaintiffs, including their agents such as Georgia and Nebraska counsel, and Plaintiffs' medical providers. This includes but is not limited to referrals, treatment authority, bills and negotiations, etc.
>
> **RESPONSE:**
> The undersigned requested medical records from Synergy Rehab Atlanta (September 11, 2025), Walgreens (January 5, 2026), and Wellstar Health System (September 11, 2025 and February 9, 2026).  Neither Plaintiffs nor the undersigned have personal knowledge or possession of communications between Karma Injury Law and Plaintiffs' medical providers.
>
> **REQUEST NO. 2:**   Produce all communications between Plaintiffs' counsel, including Nebraska and Georgia counsel, with Plaintiffs' medical providers. This includes but is not limited to referrals, treatment authority, bills and negotiations, etc.
>
> **RESPONSE:**
> With these Responses, Plaintiff provides Plaintiff's counsel's correspondence to Synergy Rehab Atlanta (September 11, 2025), Walgreens (January 5, 2026), and Wellstar Health System (September 11, 2025 and February 9, 2026).  These are the only communications between Plaintiffs/Plaintiffs' counsel in our possession, other than communications between defense counsel and counsel for Ortho Sport & Spine on which the undersigned was copied.

If you recall from our previous briefing, Plaintiffs were uninjured at the scene. Back in Atlanta, their counsel referred them to medical providers including Ortho Sport & Spine. This is a notorious clinic. In fact, a four-part expose was recently published by Legal Newsline: *Hush money: Secrets of Georgia's injury lawyers coming to light.* In part three, *Ga. doctors face scrutiny as they cozy up to injury lawyers*: "Ortho was ordered to turn over marketing materials aimed at plaintiffs lawyers, plus reveal parties, sporting events, vacations and gifts, if there were any. Cases over this type of communication have reached the Georgia Court of Appeals a few times now, with judges ordering companies like Ortho and Omni Healthcare to turn over information. If doctors have a financial interest in testifying that a car wreck or slip-and-fall caused injury, it needs to be disclosed, the court has said. '(E)vidence that the plaintiff's counsel had a close relationship with and history of making referrals to the plaintiff's treating physician can be relevant to show the bias of that physician,' the court wrote last year." OS&S will communicate directly with personal injury counsel and even seek their approval for treatment. Plaintiffs did not object to these discovery requests. This information is certainly discoverable, and Plaintiffs' have a discovery duty to gather this information from their Atlanta counsel even if they now have Nebraska counsel.

Thank you,

**MATT QUANDT**
PARTNER

**WALENTINE O'TOOLE, LLP**
Attorneys at Law

11240 Davenport St.
Omaha, NE 68154
📠 402-505-8552
📱 913-269-8866
✉ quandt@walentineotoole.com

2

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Sent:** Friday, June 12, 2026 1:37 PM
**To:** Matthew Quandt <quandt@walentineotoole.com>; Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Cc:** carson@ned.uscourts.gov; Maren Chaloupka <mlc@chaloupkalaw.net>; Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>
**Subject:** RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

Counsel,

The court understands there is a discovery dispute between the parties.  To ensure that the matter is addressed efficiently and fairly, the following procedures apply:

Both parties are to submit to the court by email to carson@ned.uscourts.gov, and to each other, a concise statement (no more than three paragraphs) summarizing their respective position by Wednesday June 17, 2026. Please include copies of any disputed requests.

The parties must thereafter meet and confer (either in person or at a minimum by phone) to discuss in good faith the particular issues as raised in the submissions.  This discussion will be required regardless of prior efforts to confer.

If a discovery dispute call with the court remains necessary after doing so, please jointly review Judge Carson's calendar at https://www.ned.uscourts.gov/court-calendar, and note that the 1:30-2:30 p.m. hour is generally reserved for criminal hearings. The parties should then email chambers to confirm that they have conferred as instructed and propose two or more mutually agreeable dates and times. The court will select one of the proposed dates and set the hearing, which will be recorded.

Please see the following General Order No. 2025-04 regarding the storage, management, and access to restricted and sealed documents on CM/ECF, as the court's procedures have recently changed. Materials submitted prior to the hearing and the audio recording of the hearing will be uploaded to the public docket unless there is a request for restriction.

Caitlin E. Wain
Law Clerk to United States Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
caitlin_wain@ned.uscourts.gov
Telephone: (402) 661-7342

---

**From:** Matthew Quandt <quandt@walentineotoole.com>
**Sent:** Friday, June 12, 2026 11:54 AM
**To:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Cc:** carson@ned.uscourts.gov; Maren Chaloupka <mlc@chaloupkalaw.net>; Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>
**Subject:** RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

CAUTION - EXTERNAL:

3

Kayla – Before we draft/file a *Motion to Compel*, please let us know the Court's availability for the requisite conference call to discuss this ongoing discovery dispute and a new issue. Thank you.

Have a nice weekend,

**MATT QUANDT**
PARTNER

**WALENTINE O'TOOLE, LLP**
Attorneys at Law

11240 Davenport St.
Omaha, NE 68154
402-505-8552
913-269-8866
quandt@walentineotoole.com

---

**From:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Sent:** Tuesday, December 30, 2025 8:11 AM
**To:** Maren Chaloupka <mlc@chaloupkalaw.net>; Matthew Quandt <quandt@walentineotoole.com>; carson@ned.uscourts.gov
**Cc:** Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>
**Subject:** RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

Received, thank you counsel. We will consider the matter resolved.

**Kayla N. Hathcote**
Law Clerk to U.S. Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
Kayla_Hathcote@ned.uscourts.gov
Telephone: (402) 661-7339

---

**From:** Maren Chaloupka <mlc@chaloupkalaw.net>
**Sent:** Monday, December 29, 2025 5:19 PM
**To:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Matthew Quandt <quandt@walentineotoole.com>; carson@ned.uscourts.gov
**Cc:** Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>
**Subject:** RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

**CAUTION - EXTERNAL:**

The parties have agreed to an extension of the response deadline until next Monday (January 5).

---

**From:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Sent:** Monday, December 29, 2025 11:31 AM
**To:** Matthew Quandt <quandt@walentineotoole.com>; carson@ned.uscourts.gov
**Cc:** Maren Chaloupka <mlc@chaloupkalaw.net>; Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>
**Subject:** RE: Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

Received, thank you.

4

**Kayla N. Hathcote**
Law Clerk to U.S. Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
Kayla_Hathcote@ned.uscourts.gov
Telephone: (402) 661-7339

---

**From:** Matthew Quandt <quandt@walentineotoole.com>
**Sent:** Monday, December 29, 2025 12:19 PM
**To:** carson@ned.uscourts.gov
**Cc:** mlc@chaloupkalaw.net; Riley Platt <rp@chaloupkalaw.net>; Steve Lydick <lydick@walentineotoole.com>; Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Subject:** Defendants' discovery dispute statement (4:24-cv-3167 Mandujano et. al. v. Melton Truck Lines, Bowen)

==**CAUTION - EXTERNAL:**==

Judge Carson:

We sent discovery requests to Plaintiffs' counsel on October 24, 2025. (Transmittal email with *Interrogatories* and *Requests for Production of Documents* to four Plaintiffs attached) To date, we have received no responses.

Plaintiffs' counsel served their *Rule 26 Disclosures* and copies of medical records/bills only on December 1 and 3, respectively. (Transmittal email attached) Within § C, Plaintiffs vaguely claimed: "We have sought compensatory damages, to include past and future medical expense, veterinary expense, miscellaneous travel expense, and non-economic damages representing Plaintiffs' pain experiences caused by this collision." But FRCP 26 (a)(1)(A)(iii) requires a "a *computation of each category of damages* claimed by the disclosing party." (Emphasis added)

We reached out to Plaintiffs' counsel on December 11 hoping to resolve these issues. (Email attached) In part: "We would prefer to resolve this informally without the need for unnecessary motion practice and involving the court, so please provide Plaintiffs' responses and document production by December 21." To date, we have received no response. Mediation is scheduled with Mike Mullin on February 2, 2026. Defendants need full and complete discovery responses and disclosures to mediate and defend Plaintiffs' claims.

Thank you,

**MATT QUANDT**
PARTNER


WALENTINE O'TOOLE, LLP
Attorneys at Law

11240 Davenport St.
Omaha, NE 68154
📠 402-505-8552
📱 913-269-8866
✉ quandt@walentineotoole.com

==**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.==

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.